1  Paul L. Alaga, SBN 221165
2  Kevin Mitchell, SBN 257572
   BRYANT LAW GROUP
3  885 Bryant Street, Suite 202
   San Francisco, California 94103
4  415-581-0885 Tel.
   415-581-0887 Fax.
5  Attorneys for Plaintiff

6

7

8                    UNITED STATES DISTRICT COURT

9             FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

12  ANDREW TORVIK,                        Case No.  18-cv-7387

13                   Plaintiff,
                                          **COMPLAINT FOR PERSONAL INJURIES**
14        vs.                             **AND DAMAGES FOR VIOLATION OF**
                                          **CIVIL RIGHTS.**
15
                                          **JURY TRIAL DEMANDED**
16
    CITY OF BRISBANE; BRISBANE POLICE
17  DEPARTMENT; ROBERT GUAYDACAN;
    LESTER VEGA; and DOES 1-50,
18
19                   Defendants.
                                            /
20  _____

21                       **JURISDICTION**

22  1.      This action arises under Title 42 of the United States Code, § 1983.  Jurisdiction is conferred

23  upon this Court by Title 28 of the United States Code, §§ 1331 and 1343.  The unlawful acts and

24  practices alleged herein occurred in the County of Alameda, California, which is within this judicial

25  district.

26

27

28

2.     For State causes of action related to Federal claims, Plaintiff AndrewTorvik ("PLAINTIFF") is required to comply with an administrative claim requirement under California law.  PLAINTIFF has complied with all applicable requirements.

3.     On January 5, 2018, PLAINTIFF served a Government Tort Claim on the City of Brisbane ("BRISBANE") regarding the allegations complained of herein.  On May 10, 2018, BRISBANE sent a notice of rejection of claims to PLAINTIFF.

**PARTIES**

4.     The PLAINTIFF is an individual, seventy five years of age and a resident of the County of San Mateo.

5.     Defendant BRISBANE is a municipal corporation, duly organized and existing under the laws of the State of California.

6.     The defendant Brisbane Police Department (hereinafter "DEPARTMENT") is a municipal police agency operated in and for the Defendant BRISBANE in the County of San Mateo.

7.     Defendant Robert Guaydacan (hereinafter "GUAYDACAN") is and was an officer for the DEPARTMENT during the time of the alleged unlawful acts and practices herein.  GUAYDACAN was and at all times during the times herein alleged employed by the DEPARTMENT in the capacity as a police officer for the DEPARTMENT.

8.     Defendant Lester Vega (hereinafter "VEGA") is and was an officer for the DEPARTMENT during the time of the alleged unlawful acts and practices herein.  VEGA was and at all times during the times herein alleged employed by the DEPARTMENT in the capacity as a police officer for the DEPARTMENT.

9.     PLAINTIFF continues to be ignorant of the true names and capacities of Defendants, DOES 1-50, inclusive, and therefore sues these defendants by such fictitious names.  PLAINTIFF is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by PLAINTIFF as set forth herein. PLAINTIFF will amend his complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

10.     In engaging in the conduct described herein, Defendants GUAYDACAN, VEGA and DOES 1-25 acted under the color of law and in the course and scope of their employment with Defendant DEPARTMENT.  In engaging in the conduct described herein, Defendants GUAYDACAN, VEGA and DOES 1-25 exceeded the authority vested in them as police officers under the United States and California Constitutions and as officers employed by Defendant DEPARTMENT.

11.     In engaging in the conduct described herein, Defendants DOES 26-50 acted under the color of law and in the course and scope of their employment with Defendants DEPARTMENT.  In engaging in the conduct described herein, Defendants DOES 26-50 exceeded the authority vested in them as police officers under the United States and California Constitutions and as officers employed by Defendant DEPARTMENT.

12.     Defendants GUAYDACAN, VEGA and DOES 1-50 have engaged in repeated acts of misconduct similar to those alleged herein while employed with Defendant DEPARTMENT.

## STATEMENT OF FACTS

13.     PLAINTIFF is a seventy-six year old resident on Alvarado Street in Brisbane, California. PLAINTIFF is a civically and politically active in the community.  Because of this, he has petitioned Defendants BRISBANE and DEPARTMENT on numerous occasions for redress of grievances. Defendant BRISBANE considers PLAINTIFF's petitions to be an irritation and an annoyance and has thus made numerous efforts to keep PLAINTIFF away from City Hall and the DEPARTMENT—all in an effort to suppress his rights under the First Amendment.

14.     During the afternoon of November 11, 2017, Defendants GUAYDACAN and VEGA were on duty for the DEPARTMENT and responded to a complaint that PLAINTIFF was causing a disturbance at or near 217 Alvarado Street in Brisbane.  Upon arrival, GUAYDACAN and VEGA spoke with an individual who verbally identified himself as Joel Diaz (DIAZ).  DIAZ told GUAYDACAN and VEGA that he was trying to sell a house and he did not like that PLAINTIFF was speaking with prospective buyers about the property he was trying to sell.  Defendants GUAYDACAN and VEGA told DIAZ that PLAINTIFF "poses an issue for all of us".  DIAZ asked GUAYDACAN and VEGA if there is anything they can do to stop him from talking to prospective buyers of the property.  Defendants GUAYDACAN and VEGA told DIAZ that PLAINTIFF was not

breaking the law and there was not much they could do and that DIAZ had a civil recourse or that he could seek a restraining order.  DIAZ "did not want to go down that road" but rather have Defendants GUAYDACAN and VEGA deal with the situation.

15.     Eventually, Defendants GUAYDACAN and VEGA decided to arrest PLAINTIFF for trespass, although they did not have probable cause that he engaged in any criminal conduct.  While Defendant VEGA was writing PLAINTIFF a citation for trespass, PLAINTIFF was walking towards his home.  While PLAINTIFF was doing so, Defendant GUAYDACAN grabbed PLAINTIFF, without any provocation or justification and threw him onto the ground causing serious bodily injury. Furthermore, without any need, Defendant GUAYDACAN then applied the full weight and force of his body into PLAINTIFF, compressing him into the street pavement.  He then handcuffed PLAINTIFF as he laid face down in the middle of the street.

16.     Prior the issuing the citation, Defendants GUAYDACAN and VEGA did not have reasonable suspicion or probable cause that PLAINTIFF committed any crime.  They drafted the citation, in an effort to intimidate PLAINTIFF from speaking to DIAZ or prospective home buyers and from petitioning Defendant BRISBANE and the DEPARTMENT for redress of grievances—all in an effort the squelch his rights guaranteed under the First Amendment to the United States Constitution. Defendants GUAYDACAN and VEGA conspired to arrest PLAINTIFF because of PLAINTIFF's dealings with BRISBANE and the DEPARTMENT.

17.     PLAINTIFF was physically, mentally and emotionally injured and damaged as a proximate result of this incident.

18.     PLAINTIFF sustained serious personal injuries, emotional harm and property damage.

19.     Defendants GUAYDACAN, VEGA, DEPARTMENT and DOES 1-50 neither had reasonable suspicion to detain PLAINTIFF nor probable cause to seize or arrest him.  Moreover, Defendants LILLIE, and DOES 1-50 conduct was excessive and unwarranted under the circumstances and did not comport with the dictated of the Fourth Amendment and the Due Process Clauses of the United States and California Constitutions.

**DAMAGES**

20.     As a proximate result of Defendants BRISBANE, DEPARTMENT, GUAYDACAN, VEGA, and DOES 1-50's conduct, PLAINTIFF suffered pain and physical injuries.  As a further proximate result of Defendants' conduct, PLAINTIFF suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of his sense of security, dignity, and pride.  PLAINTIFF was mentally and emotionally injured and damaged as a proximate result of this incident.

21.     The conduct of Defendants GUAYDACAN, VEGA and DOES 1-50 were malicious, wanton, and oppressive.  PLAINTIFF is therefore entitled to an award of punitive damages against said Defendants.

22.     PLAINTIFF found it necessary to engage the services of private counsel to vindicate his rights under the law.  PLAINTIFF is therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of their civil rights.

**FIRST CAUSE OF ACTION**

**(42 U.S.C. § 1983)**

**(Against Defendant GUAYDACAN, VEGA, and DOES 1-25)**

23.     PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 22 of this Complaint.

24.     In doing the acts complained of herein, Defendants GUAYDACAN, VEGA, and DOES 1-25, inclusive, and/or each of them, acted under color of law to deprive PLAINTIFF of certain constitutionally protected rights, including, but not limited to:

    a.  The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

    b.  The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution; and/or

    c.  The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution;

    d.  The right to fee association and to petition the government for redress of grievances as guaranteed by the First Amendment to the United States Constitution.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**

**(42 U.S.C. § 1983)**

**(Against Defendants BRISBANE, DEPARTMENT and DOES 26-50)**

25.     PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 24 of this Complaint.

26.     As against Defendants  BRISBANE, DEPARTMENT and DOES 26-50 in their capacity as policy-makers for Defendant BRISBANE and DEPARTMENT, PLAINTIFF further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the BRISBANE, and DEPARTMENT tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

27.     PLAINTIFF is further informed and believes and thereon alleges that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of BRISBANE, DEPARTMENT and DOES 1-50, and each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged or condoned by the Defendants BRISBANE, DEPARTMENT and DOES 1-50, and each of them.

28.     The injuries and damages to PLAINTIFF as alleged herein was the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendants BRISBANE, DEPARTMENT and DOES 1-50, and each of them.

29.     PLAINTIFF is further informed and believes and thereon alleges that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the BRISBANE, and DEPARTMENT.

30.     PLAINTIFF is further informed and believes and upon such information and belief alleges that PLAINTIFF's damages and injuries were caused by customs, policies, patterns or practices of Defendants BRISBANE, DEPARTMENT and DOES 1-50, and each of them, of deliberate

1   indifference in the training, supervision and/or discipline of Defendants DOES 1-50 and/or each of

2   them.

3   31.     The aforementioned customs, policies or practices of BRISBANE, DEPARTMENT and

4   DOES 1-50, and each of them, resulted in the deprivation of PLAINTIFF'S constitutional rights

5   including, but not limited to, the following:

6       a.   The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth

7            and Fourteenth Amendments to the United States Constitution;

8       b.   The right not to be deprived of life or liberty without due process of law, as guaranteed by

9            the Fifth and Fourteenth Amendments to the United States Constitution; and/or

10      c.   The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to

11           the United States Constitution;

12      d.   The right to fee association and to petition the government for redress of grievances as

13           guaranteed by the First Amendment to the United States Constitution.

14  32.     WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

15                          **THIRD CAUSE OF ACTION**

16                                **(Assault)**

17          **(Against Defendants GUAYDACAN, VEGA and DOES 1-50)**

18  33.     PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 33 of this

19  Complaint.

20  34.     Defendants GUAYDACAN, VEGA and DOES 1-50, inclusive, caused PLAINTIFF to be

21  placed in immediate fear of death and severe bodily harm by the conduct alleged herein.

22  35.     These Defendants' conduct was neither privileged nor justified under statute or common law.

23  36.     As a proximate result of Defendants' conduct, PLAINTIFF suffered damages as hereinafter

24  set forth.

25  37.     PLAINTIFF is informed and believes that the aforesaid acts directed towards the PLAINTIFF

26  were carried by Defendant GUAYDACAN, VEGA and DOES 1-50, inclusive with malic and were

27  belligerent; and said acts were done with a conscious disregard of PLAINTIFF's right to be free from

28  such tortious behavior, such as to constitute oppression, fraud or malice pursuant to California *Civil*

*Code* Section 3294, entitling PLAINTIFF to punitive damages in an amount appropriate to punish and set an example of said Defendant GUAYDACAN, VEGA, and DOES 1-50.

38.     WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### (Battery)

### (Against Defendants GUAYDACAN, VEGA and DOES 1-50)

39.     PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 38 of this Complaint.

40.      Defendants GUAYDACAN, VEGA, and DOES 1-50, inclusive, placed PLAINTIFF in immediate fear of death and severe bodily harm by engaging in the conduct alleged herein.

41.     Defendants GUAYDACAN, VEGA and DOES 1-50, inclusive intentionally and recklessly did acts which resulted in offensive contact with the PLAINTIFF's person.

42.     Defendants GUAYDACAN, VEGA and DOES 1-50, did the aforementioned acts with the intent to cause a harmful or offensive contact the body of Plaintiff.

43.     Defendants GUAYDACAN, VEGA and DOES 1-50's conduct was neither privileged nor justified under statute or common law.

44.     PLAINTIFF is informed and believes that the aforesaid acts directed towards the PLAINTIFF were carried by Defendant GUAYDACAN, VEGA and DOES 1-50, inclusive with malic and were belligerent; and said acts were done with a conscious disregard of PLAINTIFF's right to be free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to California *Civil Code* Section 3294, entitling PLAINTIFF to punitive damages in an amount appropriate to punish and set an example of said Defendant GUAYDACAN, VEGA and DOES 1-50.

45.     As a proximate result of Defendants GUAYDACAN, VEGA and DOES 1-50's conduct, PLAINTIFF suffered damages as hereinafter set forth.

46.     WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

//

//

//

**FIFTH CAUSE OF ACTION**

**(False Imprisonment)**

**(Against BRISBANE, DEPARTMENT, GUAYDACAN, VEGA and DOES 1-50)**

47.     PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 46 of this Complaint.

48.     Defendants GUAYDACAN, VEGA and DOES 1-50, inclusive, falsely imprisoned PLAINTIFF without probable cause.  Defendant LILLIE intentionally caused PLAINTIFF to be imprisoned knowing that such imprisonment was not justified or lawful. PLAINTIFF had not committed any crime, and there was no basis upon which defendants could have reasonably believed that PLAINTIFF had committed any crime.

49.     Defendants GUAYDACAN, VEGA and DOES 1-50, inclusive, failed to observe proper procedures in falsely imprisoning PLAINTIFF without probable cause.  These Defendants exceeded the limits of their authority as police officers in falsely imprisoning the PLAINTIFF without probable cause, and in using excessive and unnecessary force against PLAINTIFF in effectuating such false imprisonment.

50.     As a proximate result of Defendants' conduct, PLAINTIFF suffered damages as hereinafter set forth.

51.     PLAINTIFF is informed and believes that the aforesaid acts directed towards the PLAINTIFF were carried by Defendant GUAYDACAN, VEGA and DOES 1-50, inclusive with malic and were belligerent; and said acts were done with a conscious disregard of PLAINTIFF's right to be free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to California *Civil Code* Section 3294, entitling PLAINTIFF to punitive damages in an amount appropriate to punish and set an example of said Defendant GUAYDACAN, VEGA and DOES 1-50.

52.     WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

//

//

//

//

## SIXTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### (Against BRISBANE, DEPARTMENT, GUAYDACAN, VEGA and DOES 1-50)

53.    PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 52 of this Complaint.

54.    The conduct of Defendants GUAYDACAN, VEGA and DOES 1-50, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by individuals in a democratic and civilized society.

55.    Defendants GUAYDACAN, VEGA and DOES 1-50, inclusive, committed these extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon PLAINTIFF.

56.    As a proximate result of Defendants GUAYDACAN, VEGA and DOES 1-50's willful, intentional and malicious conduct, PLAINTIFF suffered severe and extreme mental and emotional distress.

57.    PLAINTIFF is informed and believes that the aforesaid acts directed towards the PLAINTIFF were carried by Defendant GUAYDACAN, VEGA and DOES 1-50, inclusive with malic and were belligerent; and said acts were done with a conscious disregard of PLAINTIFF's right to be free from such tortious behavior, such as to constitute oppression, fraud or malice pursuant to California *Civil Code* Section 3294, entitling PLAINTIFF to punitive damages in an amount appropriate to punish and set an example of said Defendant GUAYDACAN, VEGA and DOES 1-50.

58.    WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

### (Against Defendants GUAYDACAN, VEGA and DOES 1-50)

59.    PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 58 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

60.     The wrongful conduct of Defendants GUAYDACAN, VEGA and DOES 1-50, inclusive, as set forth herein, constitutes negligent conduct done with conscious disregard for the rights of PLAINTIFF.

61.     As a proximate result of Defendants' negligent conduct, PLAINTIFF has suffered severe emotional and mental distress, having a traumatic effect on PLAINTIFF'S emotional tranquility.

62.     WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**EIGHTH CAUSE OF ACTION**

**(Violation of Civil Code Section 51.7)**

**(Against Defendants GUAYDACAN, VEGA and DOES 1-50)**

63.     PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 62 of this complaint.

64.     PLAINTIFF is informed and believes and thereon alleges that the conduct of Defendants LILLIE, and DOES 1-50, inclusive, as described herein, was motivated by racial prejudice against Plaintiff.  In engaging in such conduct, Defendants violated PLAINTIFF'S rights under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race. PLAINTIFF could not have left his imprisonment without suffering severe physical violence or death.

65.     Under the provisions of California Civil Code Section 52(b), Defendants are liable for each violation of Civil Code Section 51.7 for punitive damages, an additional $25,000.00, and for reasonable attorney's fees.

66.     As a proximate result of Defendants' wrongful conduct, PLAINTIFF suffered damages as hereinafter set forth.

67.     WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**NIINTH CAUSE OF ACTION**

**(Violation of Civil Code Section 52.1)**

**(Against Defendants GUAYDACAN, VEGA and DOES 1-50)**

68.     PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 67 of this Complaint.

69.     The conduct of Defendants GUAYDACAN, VEGA and DOES 1-50, inclusive, as described herein, acting in the course and scope of their employment for Defendant DEPARTMENT, violated California Civil Code Section 52.1, in that they interfered with PLAINTIFF'S exercise and enjoyment of their civil rights, through the use of wrongful and excessive force.

70.     As a direct and proximate result of Defendant GUAYDACAN, VEGA and DOES 1-50's, violation of Civil Code Section 52.1, PLAINTIFF suffered violations of their constitutional rights, and suffered damages as set forth herein.

71.     Since this conduct occurred in the course and scope of their employment, Defendants BRISBANE and DEPARTMENT are therefore liable to PLAINTIFF pursuant to respondeat superior.

72.     PLAINTIFF is entitled to injunctive relief and an award of his reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

73.     WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**TENTH CAUSE OF ACTION**

**(Negligence)**

**(Against Defendants BRISBANE, DEPARTMENT, GUAYDACAN, VEGA and DOES 1-50)**

74.     PLAINTIFF re-alleges and incorporates by reference herein paragraphs 1 through 73 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants BRISBANE, COUNTY, DEPARTMENT, GUAYDACAN, VEGA and DOES 1-50, and any and all allegations requesting punitive damages.

75.     At all times herein mentioned Defendants BRISBANE, DEPARTMENT, GUAYDACAN, VEGA and DOES 1-50, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their failure to investigate, the use of force and detaining PLAINTIFF.  The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing plaintiff to suffer injuries and damages as set forth herein.  Pursuant to Government Code Section 815.2(a), BRISBANE and DEPARTMENT are vicariously liable to PLAINTIFF for his injuries and damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants GUAYDACAN, VEGA and DOES 1-50.

76.     As a proximate result of Defendants' negligent conduct, PLAINTIFF suffered physical injury, severe emotional and mental distress, injury having a traumatic effect on PLAINTIFF'S emotional tranquility, and suffered damages.

77.     WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

**TWELFTH CAUSE OF ACTION**

**(Negligent Hiring, Retention, Training, Supervision, and Discipline)**

**(Against Defendants BRISBANE, DEPARTMENT and DOES 1-50)**

78.     PLAINTIFF re-alleges and incorporate by reference herein paragraphs 1 through 77 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants BRISBANE,  DEPARTMENT and DOES 1-50, and any and all allegations requesting punitive damages.

79.     At all times herein mentioned, Defendants BRISBANE and DEPARTMENT by and through its supervisory employees and agents Defendants DOES 1-50, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to other individuals.  With deliberate indifference Defendants BRISBANE, DEPARTMENT and DOES 1-50 inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of PLAINTIFF's rights and injury to said PLAINTIFF.  Defendants BRISBANE, DEPARTMENT and DOES 1-50, inclusive, breached their duty of care to individuals in that Defendants BRISBANE and DEPARTMENT failed to adequately train their deputy officers, including Defendants GUAYDACAN, VEGA and DOES 1-50, inclusive, in the proper and reasonable investigative techniques, identification of suspects, cross-cultural identification of suspects,  making of arrests, and treating individuals in a manner that is not racially discriminatory, and/or failed to have adequate policies and procedures regarding the proper and reasonable use of force, the proper and reasonable making of arrests, and treating individuals in a manner that is not racially discriminatory.  This lack of adequate supervisory training, and/or policies and procedures demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive and unreasonable force by officers employed by Defendants BRISBANE and DEPARTMENT the continuing failure to make proper and reasonable

arrests by deputy officers employed by Defendants BRISBANE and DEPARTMENT and continuing racially discriminatory behavior towards individuals by deputy officers employed by Defendants BRISBANE and DEPARTMENT.

80.     As a proximate result of Defendants BRISBANE and DEPARTMENT and DOES 1-50's, inclusive, negligent conduct, PLAINTIFF suffered severe physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiff's emotional tranquility, and suffered damages.

81.     WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

## JURY DEMAND

PLAINTIFF hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, PLAINTIFF prays for relief, as follows:

1.     For general damages in a sum according to proof;

2.     For special damages in a sum according to proof;

3.     For punitive damages in a sum according to proof;

4.     For injunctive relief enjoining Defendants BRISBANE and DEPARTMENT from authorizing, allowing, or ratifying the practice by any police officer employee of Defendants BRISBANE and DEPARTMENT from using excessive and unreasonable force against persons, pursuant to California Civil Code Section 52.1;

5.     For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;

6.     For violation of California Civil Code Section 52(b), punitive damages against Defendant police officers, $25,000.00 for each offense and reasonable attorney's fees;

7.     For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

8.     For cost of suit herein incurred;

//

//

//

1    and

2    9.      For such other and further relief as the Court deems just and proper.

3

4    Dated:  December 7, 2018                              /s/ Paul Alaga

5                                                          Paul L. Alaga,
                                                           Attorney for Plaintiff
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28