DALE L. ALLEN, JR., State Bar No. 145279
dallen@aghwlaw.com
ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, CA  94104
Telephone:	(415) 697-2000
Facsimile:	(415) 813-2045

Attorneys for Defendants
CITY OF BRISBANE, BRISBANE POLICE DEPARTMENT, OFFICER ROBERT GUAYDACAN, and OFFICER LESTER VEGA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANDREW TORVIK,<br><br>              Plaintiff,<br><br>       v.<br><br>CITY OF BRISBANE; BRISBANE POLICE DEPARTMENT; ROBERT GUAYDACAN; LESTER VEGA; and DOES 1-50,<br><br>              Defendants. | Case No. 18-CV-07387<br><br>**ANSWER TO COMPLAINT FOR PERSONAL INJRIES AND DAMAGES FOR VIOLATION OF CIVIL RIGHTS**<br><br>**JURY TRIAL DEMANDED**<br><br>Hon. Charles R. Breyer<br><br>Trial:    None set |

Defendants CITY OF BRISBANE, BRISBANE POLICE DEPARTMENT, ROBERT GUAYDACAN and LESTER VEGA ("Defendants"), in answer to the allegations of the unverified complaint on file herein, deny that plaintiff has been injured or damaged in any of the sums mentioned in the complaint or in any other amount by reasons of any act or omission of these defendants.

**JURISDICTION**

1.     In answer to the allegations of paragraph 1 of Jurisdiction, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing

281067.1

1  their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

2. In answer to the allegations of paragraph 2 of Jurisdiction, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

3. In answer to the allegations of paragraph 3 of Jurisdiction, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

**PARTIES**

4. In answer to the allegations of paragraph 4 of Parties, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

5. Admit.

6. Admit.

7. In answer to the allegations of paragraph 7 (2:14-15) of Parties, defendant Officer Guaydacan is not an officer of Brisbane Police Department, and thus it is denied. It is admitted Officer Guaydacan was an officer for the Brisbane Police Department during the time of the alleged unlawful acts and practices herein. Officer Guaydacan was and at all times during the times therein alleged employed by the Brisbane Police Department in the capacity as a police officer for the Brisbane Police Department.

8. Admit

9. In answer to the allegations of paragraph 9 of Parties, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

10. In answer to the allegations of paragraph 10 of Parties, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

11. In answer to the allegations of paragraph 11 of Parties, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

12. In answer to the allegations of paragraph 12 of Parties, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

**STATEMENT OF FACTS**

13. In answer to the allegations of paragraph 13 of the Statement of Facts, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

14. In answer to the allegations of paragraph 14 of the Statement of Facts, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

15. In answer to the allegations of paragraph 15 of the Statement of Facts, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

16. In answer to the allegations of paragraph 16 of the Statement of Facts, these defendants have no information or belief to enable them to answer said allegations, and for that

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

281067.1

reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

17. In answer to the allegations of paragraph 17 of the Statement of Facts, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

18. In answer to the allegations of paragraph 18 of the Statement of Facts, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

19. In answer to the allegations of paragraph 19 of the Statement of Facts, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

## **DAMAGES**

20. In answer to the allegations of paragraph 20 of Damages, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

21. In answer to the allegations of paragraph 21 of the Damages, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

22. In answer to the allegations of paragraph 22 of Damages, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

**FIRST CAUSE OF ACTION**

**(42 U.S.C. § 1983)**

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

281067.1

**(Against Defendant GUAYDACAN, VEGA, and DOES 1-25)**

23. In answer to the allegations of paragraph 23 of the First Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

24. In answer to the allegations of paragraph 24 of the First Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

## SECOND CAUSE OF ACTION

### (42 U.S.C. § 1983)

**(Against Defendants BRISBANE, DEPARTMENT and DOES 26-50)**

25. In answer to the allegations of paragraph 25 of the Second Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

26. In answer to the allegations of paragraph 26 of the Second Cause of Action, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

27. In answer to the allegations of paragraph 27 of the Second Cause of Action, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

28. In answer to the allegations of paragraph 28 of the Second Cause of Action, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

29. In answer to the allegations of paragraph 29 of the Second Cause of Action, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

281067.1

30. In answer to the allegations of paragraph 30 of the Second Cause of Action, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

31. In answer to the allegations of paragraph 31 of the Second Cause of Action, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

32. In answer to the allegations of paragraph 32 of the Second Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

## THIRD CAUSE OF ACTION

### (Assault)

### (Against Defendants GUAYDACAN, VEGA and DOES 1-50)

33. In answer to the allegations of paragraph 33 of the Third Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

34. In answer to the allegations of paragraph 34 of the Third Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

35. In answer to the allegations of paragraph 35 of the Third Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

36. In answer to the allegations of paragraph 36 of the Third Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

281067.1

reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

37. In answer to the allegations of paragraph 37 of the Third Cause of Action, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

38. In answer to the allegations of paragraph 38 of the Third Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

## FOURTH CAUSE OF ACTION

### (Battery)

### (Against Defendants GUAYDACAN, VEGA and DOES 1-50)

39. In answer to the allegations of paragraph 39 of the Fourth Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

40. In answer to the allegations of paragraph 40 of the Fourth Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

41. In answer to the allegations of paragraph 41 of the Fourth Cause of Action, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

42. In answer to the allegations of paragraph 42 of the Fourth Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

281067.1

43. In answer to the allegations of paragraph 43 of the Fourth Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

44. In answer to the allegations of paragraph 44 of the Fourth Cause of Action, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

45. In answer to the allegations of paragraph 45 of the Fourth Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

46. In answer to the allegations of paragraph 46 of the Fourth Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

**FIFTH CAUSE OF ACTION**

**(False Imprisonment)**

**(Against BRISBANE, DEPARTENT, GUAYDACAN, VEGA and DOES 1-50)**

47. In answer to the allegations of paragraph 47 of the Fifth Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

48. In answer to the allegations of paragraph 48 of the Fifth Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

49. In answer to the allegations of paragraph 49 of the Fifth Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that

reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

50. In answer to the allegations of paragraph 50 of the Fifth Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

51. In answer to the allegations of paragraph 51 of the Fifth Cause of Action, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

52. In answer to the allegations of paragraph 52 of the Fifth Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

## SIXTH CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress)**

**(Against BRISBANE, DEPARTMENT, GUAYDACAN, VEGA and DOES 1-50)**

53. In answer to the allegations of paragraph 53 of the Sixth Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

54. In answer to the allegations of paragraph 54 of the Sixth Cause of Action, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

55. In answer to the allegations of paragraph 55 of the Sixth Cause of Action, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

56. In answer to the allegations of paragraph 56 of the Sixth Cause of Action, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

57. In answer to the allegations of paragraph 57 of the Sixth Cause of Action, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

58. In answer to the allegations of paragraph 58 of the Sixth Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

## SEVENTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

### (Against Defendants GUAYDACAN, VEGA and DOES 1-50)

59. In answer to the allegations of paragraph 59 of the Seventh Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

60. In answer to the allegations of paragraph 60 of the Seventh Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

61. In answer to the allegations of paragraph 61 of the Seventh Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

62. In answer to the allegations of paragraph 62 of the Seventh Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

## EIGHTH CAUSE OF ACTION

### (Violation of Civil Code Section 51.7)

### (Against Defendants GUAYDACAN, VEGA and DOES 1-50)

63. In answer to the allegations of paragraph 63 of the Eighth Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

64. In answer to the allegations of paragraph 64 of the Eighth Cause of Action, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

65. In answer to the allegations of paragraph 65 of the Eighth Cause of Action, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

66. In answer to the allegations of paragraph 66 of the Eighth Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

67. In answer to the allegations of paragraph 67 of the Eighth Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

## NIINTH (SIC) CAUSE OF ACTION

### (Violation of Civil Code Section 52.1)

### (Against Defendants GUAYDACAN, VEGA and DOES 1-50)

68. In answer to the allegations of paragraph 68 of the Niinth (sic) Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for

ALLEN, GLAESSNER, HAZELWOOD & WERTH, LLP
180 Montgomery Street, Suite 1200
San Francisco, California 94104

that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

69.  In answer to the allegations of paragraph 69 of the Niinth (sic) Cause of Action, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

70.  In answer to the allegations of paragraph 70 of the Niinth (sic) Cause of Action, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

71.  In answer to the allegations of paragraph 71 of the Niinth (sic) Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

72.  In answer to the allegations of paragraph 72 of the Niinth (sic) Cause of Action, these defendants deny both generally and specifically, each and every, all and singular, the allegations contained therein.

73.  In answer to the allegations of paragraph 73 of the Niinth (sic) Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

**TENTH CAUSE OF ACTION**

**(Negligence)**

**(Against Defendants BRISBANE, DEPARTMENT, GUAYDACAN, VEGA and DOES 1-50)**

74.  In answer to the allegations of paragraph 74 of the Tenth Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

12

ANSWER TO COMPLAINT
18-CV-07387

281067.1

75. In answer to the allegations of paragraph 75 of the Tenth Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

76. In answer to the allegations of paragraph 76 of the Tenth Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

77. In answer to the allegations of paragraph 77 of the Tenth Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

## TWELTH (SIC) CAUSE OF ACTION

**(Negligent Hiring, Retention, Training, Supervision, and Discipline)**

**(Against Defendants BRISBANE, DEPARTMENT and DOES 1-50)**

78. In answer to the allegations of paragraph 78 of the Twelth (sic) Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

79. In answer to the allegations of paragraph 79 of the Twelth (sic) Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

80. In answer to the allegations of paragraph 80 of the Twelth (sic) Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

81.     In answer to the allegations of paragraph 81 of the Twelth (sic) Cause of Action, these defendants have no information or belief to enable them to answer said allegations, and for that reason and basing their denial on that ground, deny both generally and specifically, each and every, all and singular, the allegations contained therein.

**DEMAND**

Defendants demand a Jury Trial.

FIRST AFFIRMATIVE DEFENSE

AS AND FOR A FIRST, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

That plaintiff was himself negligent and careless in and about the matters and events set forth in the complaint, and that said negligence contributed to his alleged injuries and/or damages. A verdict of the jury in favor of plaintiff, if any, which may be rendered in this case must therefore be reduced by the percentage that plaintiff's negligence contributed to the accident and injuries complained of, if any there were.

SECOND AFFIRMATIVE DEFENSE

AS AND FOR A SECOND, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

That the complaint does not state facts sufficient to constitute a cause of action against these answering defendants.

THIRD AFFIRMATIVE DEFENSE

AS AND FOR A THIRD, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Plaintiff's cause of action is barred by reason of the provisions of California Code of Civil Procedure sections 335.1, 340, and 343.

FOURTH AFFIRMATIVE DEFENSE

AS AND FOR A FOURTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Plaintiff failed to mitigate his damages.

## FIFTH AFFIRMATIVE DEFENSE

AS AND FOR A FIFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Plaintiff was guilty of willful misconduct and wanton and reckless behavior in and about the matters and events set forth in said complaint; and that said willful misconduct and wanton and reckless behavior contributed to the injuries and damages alleged, if any there were.

## SIXTH AFFIRMATIVE DEFENSE

AS AND FOR A SIXTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

That plaintiff willfully, wrongfully, unlawfully, and without just cause or provocation made an assault and battery against and upon the persons of defendants Officers Robert Guaydacan, and Lester Vega; defendants thereupon necessarily defended themselves and such acts of force complained of were committed in the necessary protection of defendants' body and person.

Prior to the time when defendants are alleged to have committed the acts complained of, plaintiff willfully, wrongfully, and unlawfully made an assault upon defendant Officers Robert Guaydacan, and Lester Vega and would have beaten, bruised, and ill-treated them if defendants had not immediately defended themselves against said assault; and in so doing, defendants necessarily and unavoidably came in contact with plaintiff and threatened plaintiff, but no more than was necessary for said defense.

Any damages or injuries suffered by plaintiff were occasioned by his own wrongful acts; and the acts of defendants mentioned above are the same acts of which plaintiff complains.

## SEVENTH AFFIRMATIVE DEFENSE

AS AND FOR A SEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

At the time and place mentioned in the complaint, plaintiff willfully, wrongfully, and unlawfully, and without just cause or provocation made an assault and battery against and upon the person of defendants Officers Robert Guaydacan, and Lester Vega and other persons present.

Plaintiff would have beaten, bruised, and seriously injured said persons if defendants had not defended themselves and others against the acts of plaintiff. If, in defending themselves and others, defendants unavoidably touched and threatened plaintiff, defendants used only the force reasonably necessary to prevent plaintiff from further injuring them and other persons present.

Any damages or injuries suffered by plaintiff were occasioned by his own wrongful acts; and the acts of defendants mentioned above are the same acts of which plaintiff complains.

EIGHTH AFFIRMATIVE DEFENSE

AS AND FOR A EIGHTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

The plaintiff willfully and wrongfully provoked the altercation in which he was involved, and said provocation by plaintiff was a cause of the injuries and damages allegedly sustained.

NINTH AFFIRMATIVE DEFENSE

AS AND FOR A NINTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

These answering defendants, a public entity, is immune from liability pursuant to California Government Code sections 800 et seq.

TENTH AFFIRMATIVE DEFENSE

AS AND FOR A TENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Any and all acts or omissions of the City of Brisbane, and Brisbane Police Department, its agents and employees, which allegedly caused the injury at the time and place set forth were the result of an exercise of discretion vested in them.

ELEVENTH AFFIRMATIVE DEFENSE

AS AND FOR A ELEVENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

At all times mentioned in the complaint, defendants Officers Robert Guaydacan and Lester Vega were a public employee of City of Brisbane, and/or Brisbane Police Department and if they performed any of the acts or omissions alleged as the basis of the complaint, the acts or

omissions were the result of the exercise of the discretion vested in him/her. Defendants are therefore immune from liability.

## TWELFTH AFFIRMATIVE DEFENSE

AS AND FOR A TWELFTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Defendants allege that plaintiff failed to set forth the facts sufficient to state a cause of action due to a failure to comply with claims requirements of the California Government Code §§ 900 et. seq.

## THIRTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Defendants City of Brisbane and/or Brisbane Police Department alleged employees mentioned in plaintiff's complaint were, at all times, duly qualified, appointed and acting police officers of City of Brisbane and peace officers of the State of California and in accordance with the Constitution of the United States and the State of California and the laws of the United States and the laws of the State of California; and at all times mentioned herein, said officers were engaged in the performance of their regularly assigned duties within the scope of their duties as peace officers of the City of Brisbane.

## FOURTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A FOURTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

These answering defendants acted in good faith and with a reasonable belief that the actions were lawful and further did not directly or indirectly perform any acts whatsoever which would constitute a breach of any duty owed to plaintiff.

///
///
///
///

## FIFTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A FIFTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

The acts of these answering defendants were lawful and proper and in all respects was reasonable and legal.

## SIXTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A SIXTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

In this connection probable cause existed to believe that plaintiff had committed a public offense and, therefore, probable cause existed to detain and/or arrest plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A SEVENTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

At all times relevant to this litigation, plaintiff was subject to restraint as was reasonably necessary for his detention and/or arrest.

## EIGHTEENTH AFFIRMATIVE DEFENSE

AS AND FOR A EIGHTEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

At all times relevant to this litigation, reasonable cause existed to believe that plaintiff had committed a public offense and, therefore, reasonable force was used to effect plaintiff's arrest, to prevent escape or to overcome resistance.

## NINETEENTH AFFIRMATIVE DEFENSE

AS AND FOR A NINETEENTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

At all times relevant to this litigation, plaintiff consented either expressly or impliedly, to any such acts or conduct as may be shown on the part of these answering defendants.

/ / /

/ / /

281067.1

## TWENTIETH AFFIRMATIVE DEFENSE

AS AND FOR A TWENTIETH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

These answering defendants are immune from liability pursuant to the provisions of §§ 815, 815.2, 818, 820.2, 820.4, 820.6, 820.8, 820.9, 821.6, 844.6, and 845.6 of the Government Code of the State of California.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

AS AND FOR A TWENTY-FIRST, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Defendants are immune from 42 U.S.C. §1983 liability pursuant to the doctrine of qualified immunity. See *White v. Pauly*, 137 S. Ct. 548 (2017), *Ashcroft v. al-Kidd*, 563 U.S. 731 (2011) and *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

## TWENTY-SECOND AFFIRMATIVE DEFENSE

AS AND FOR A TWENTY-SECOND, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

The facts alleged in the Complaint do not involve any custom, practice, procedure or regulation of defendants, which gives rise to a violation of a constitutional right pursuant to *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

AS AND FOR A TWENTY-THIRD, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Plaintiff has wholly failed to plead facts which give rise to any colorable claim for punitive or exemplary damages against defendants, nor do any such facts exist.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

AS AND FOR A TWENTY-FOURTH, SEPARATE AND DISTINCT DEFENSE, DEFENDANTS ALLEGE:

Plaintiff's claims for punitive or exemplary damages violate defendants' right to procedural due process, substantive due process, and protection from "excessive" fines as

guaranteed by the Fifth, Fourteenth, and Eighth Amendments to the United States Constitution, respectively, and the Constitution of the State of California.

    WHEREFORE, defendants pray that plaintiff takes nothing by way of the complaint on file herein and that defendants have judgment for their costs, attorneys' fees and for such other and further relief as the court deems proper.

Respectfully submitted,

Dated: January 11, 2019

ALLEN, GLAESSNER,
HAZELWOOD & WERTH, LLP

By:   */s/ Dale L. Allen, Jr.*
     DALE L. ALLEN, JR.
     Attorneys for Defendants
     CITY OF BRISBANE, BRISBANE POLICE DEPARTMENT, OFFICER ROBERT GUAYDACAN, and OFFICER LESTER VEGA

281067.1